JUDGE HARDIN
deliyeeed the oranon or the cottet.
On the third day of July, 3868, the appellees commenced an ordinary action against the appellant, in the Jefferson Court of Common Pleas, for the recovery of one thousand five hundred dollars for the rent of a farm; and on the 21st of July, 1868, they caused an attachment to be issued by a justice of the peace against the property of the appellant as security for the same claim, under the provisions of section 5, article 2, chapter 56, of the Revised Statutes; and that process being levied on the defendant’s property, John Webber executed a covenant to the plaintiffs in the sum of^ one thousand five hundred and thirty dollars that the defendant should “perform the judgment of the court in this action,” and therefore the property was restored to the defendant. The sheriff returned to the court of common pleas the attachment and the bond of Webber, and that proceeding and the ordinary suit *365 for the same claim separately progressed in that court till they were each finally decided; the ordinary action being first tried and resulting in a verdict and judgment for the plaintiffs for |1,437.05; and the court, afterward adopting that recovery as a criterion for determining the amount due the plaintiffs in the other case, adjudged that the attachment be sustained for satisfying it, and overruled a motion of the defendant to quash the sheriff's return and the bond of Webber. To reverse that judgment the defendant prosecutes this appeal.
The first question to be decided is, whether the authority of a justice of the peace to issue an attachment for rent for one thousand five hundred dollars, conferred by the provision ofithe Revised Statutes referred to, is not superseded by the Code of Practice regulating attachments in civil actions, and abrogated by section 875 of the Code, declaring all previous statutes repealed in cases provided for by the Code or inconsistent with its provisions? The provisions of chapter 3 of title 8 of the Code of Practice are so general and comprehensive as to manifest an intention to supersede all pre-existing regulations for obtaining attachments in actions at law or in equity, except in cases involving peculiar rights under laws independent of the Code, and not necessarily affected by it. But we regard the statutes governing the relative rights of landlord and tenant of this latter class; and notwithstanding the landlord's right of action and remedy for the collection of rent as other debts under the Code, he may still avail himself of his distress warrant or attachment for rent upon the particular grounds prescribed by the statute.
Another question of some difficulty arises from the action of the court in refusing to quash the return of the sheriff and bond taken by him, on the suggested ground that the attachment was void for want of the preliminary statement upon oath and bond of the plaintiffs, required to be taken by the justice before issuing the attachment. The failure of the justice *366 to discharge his official duty in these respects was in effect affirmed by the motion of the defendant, and if established was a sufficient ground for sustaining the motion. (Huchison v. Ross, 2 Marshall, 349; Drake on Attachments, section 115.) This record does not disclose the fact that the required bond was executed, nor that the statement of the plaintiff on oath, also required by the statute, was made except by a recital of that fact in the order of attachment; but it does not appear that either party sought the production of any paper which may have remained in the office of the justice, or produced any evidence of what transpired before him; and as it was not his, duty to deliver the statement and bond to the sheriff with the order of attachment, nor to transmit them to the clerk’s office without notification or rule, we do not conceive that the mere fact of their absence from the files of the court of common pleas is sufficient to repel the legal presumption that the officer performed his duty, and acted within the requirements of the law conferring his jurisdiction; and although the motion to quash involved the assertion of a merely negative proposition, the issue thus raised was of that peculiar kind in which the party, relying on an alleged omission of a duty, should at least produce such evidence of the fact as in the absence of proof to the contrary would afford ground for presuming that the allegation is true. The motion to quash was therefore properly overruled. (1 Greenleaf on Evidence, sections 78-80; Brown v. Young, 2 B. Monroe, 26.)
Nor was there any substantial error in the action of the court in this case with reference to the proceedings and judgment in personam in the other suit, though prosecuted for the recovery of the same debt; the relief sought in the two cases being different, and not upon grounds inconsistent with each other, and the judgments being such that the satisfaction of one will necessarily discharge the other
Wherefore the judgment is affirmed.